**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEVIN WYATT,<br>Petitioner,<br><br>v.<br><br>DAVID DIGUGLIELMO et al.,<br>Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>NO. 07-5493 |

## Memorandum and Order

YOHN, J. July ____, 2008

Kevin Wyatt has filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) for relief from this court's order denying his first habeas petition. For the reasons explained below, I will treat the motion as a successive habeas petition, which I will dismiss. In the alternative, if considered under Rule 60, the motion would be denied as untimely or denied on its merits.

**I. Background**

On March 10, 1992, Wyatt was convicted of first-degree murder, two counts of robbery, and criminal conspiracy in the Court of Common Pleas of Philadelphia County. After being sentenced to life imprisonment on the murder count and to twenty to forty years on the remaining counts, Wyatt filed a direct appeal to the Pennsylvania Superior Court, which affirmed his conviction and sentence on January 8, 1997. The Pennsylvania Supreme Court denied further review on August 5, 1997.

On September 18, 1997, Wyatt filed his first petition pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541-9546 ("PCRA"), in the Court of Common

Pleas. The petition included five claims, one of which asserted that trial counsel was ineffective for failing to request a mistrial based on the prosecutor's alleged use of peremptory challenges to exclude African Americans from the jury, in violation of *Batson*, and for failing to renew his challenge to the prosecutor's discriminatory use of his peremptory challenges. The petition was denied in its entirety on June 18, 1999. On July 16, 2001, the Superior Court affirmed the lower court's dismissal of four of the claims (including the *Batson* claim), but granted relief as to a fifth claim relating to the trial court's jury instruction on vicarious liability for first-degree murder. The Superior Court thus vacated only the murder conviction. The other convictions resulting in a twenty- to forty-year sentence after trial remained in place. After the Pennsylvania Supreme Court denied Wyatt's allocatur petition on October 15, 2002, Wyatt pled guilty to third-degree murder on January 26, 2004, and he was sentenced on that day to a prison term of ten to twenty years on the murder count, consecutive to the sentences on the other counts. He did not appeal.

Meanwhile, on January 14, 2004, Wyatt filed his first federal habeas petition in this court.[1] That petition also included a claim of ineffective assistance of trial counsel for failure to request a mistrial based on the prosecutor's alleged use of peremptory challenges to exclude African Americans from the jury. The court denied Wyatt's first habeas petition on May 10, 2005, and the Third Circuit denied his application for a certificate of appealability. Wyatt filed a petition for a writ of certiorari in the United States Supreme Court; the Court denied the petition

[1] Actually, on September 30, 1996, Wyatt filed a habeas petition that this court denied and dismissed without prejudice for failure to exhaust state remedies. (*See* Order, Civ. No. 96-6597, E.D. Pa. Nov. 27, 1996.) Nevertheless, his petition filed on January 14, 2004 is treated as a first petition. *See Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997) ("We hold that when a prior petition has been dismissed without prejudice for failure to exhaust state remedies, . . . the petitioner may file his petition in the district court as if it were the first such filing.").

on December 2, 2005.

On December 29, 2005, in the Court of Common Pleas, Wyatt filed a second PCRA petition. Then, he received a memo dated January 18, 2006 from an attorney explaining that "[d]uring a recent criminal collateral proceeding, further information was obtained regarding the policies and practices of the Phila. District Attorney's office with regard to jury selection and race." (Mot. Ex. D.) Attached to this memo were notes taken by Assistant District Attorney Gavin Lentz at a lecture about jury selection given by Assistant District Attorney Bruce Sagel on August 14, 1990 ("the Lentz notes"). These notes were characterized as "instructing A.D.A.'s [sic] on how to reduce minority participation in the jury process." (*Id.*) On January 27, 2006, Wyatt filed a supplement to his second PCRA petition that relied on the Lentz notes as evidence of that policy. This second petition raised the claim that, at the time of his trial, the District Attorney's Office maintained a policy and practice of racial discrimination in jury selection. The PCRA court appointed counsel, who filed a "no-merit" letter pursuant to *Commonwealth v. Finley*, 479 A.2d 568 (Pa. Super. Ct. 1984), on September 28, 2006.[2] The PCRA court dismissed

---

[2] The attorney explained:

> The fallacy in the Defendant's logic is twofold. First, even if Mr. Sagel said everything that Mr. Lentz claims that he said, it does not establish [a] policy of the District Attorney's Office; moreover, it does not establish that an experienced ADA such as Joseph Casey[, who prosecuted Wyatt,] would have or actually did engage in racial discrimination during jury selection in this case. Moreover, it must be noted that as early as 1997, the public, in the city of Philadelphia knew that there had been allegations of racial based practices in the District Attorney's Office. The famous "McMahon Tapes" were made public by Philadelphia Magazine in 1997. [If] the Sagel Memorandum as composed by Lentz is accurate, it would be cumulative of what was already in the public domain, 9 years ago.

(Resp. Ex. O.) Further, he explained that "there is no case law to establish that the prima facie case of discrimination is to be found wherever someone who listened to McMahon or Sagel then went out and tried a case." (*Id.*)

the petition on October 23, 2006; the Superior Court affirmed on August 7, 2007 and denied his petition for reargument on September 28, 2007. Wyatt did not seek further review.

Wyatt filed his Rule 60(b)(6) motion on December 27, 2007. On February 7, 2008, he filed his second federal habeas petition, which included a *Batson* claim, *see Batson v. Kentucky*, 476 U.S. 79 (1986), based on the same allegedly newly discovered evidence of the District Attorney's Office's alleged policy and practice of racial discrimination in jury selection at the time of his trial. By order dated March 21, 2008, this court referred the second habeas petition to the Third Circuit for authorization pursuant to 28 U.S.C. § 2244(b)(3)(A). The Third Circuit denied Wyatt's application to file a second habeas petition with respect to Wyatt's *Batson* claim on May 15, 2008.

**II. Discussion**

In the bulk of his motion, Wyatt argues that he is entitled to relief from this court's denial of his first habeas petition on two bases, both resulting from his discovery of allegedly new evidence of the District Attorney's Office's alleged policy and practice of racial discrimination in jury selection at the time of his trial. His claims based on this allegedly newly discovered evidence are habeas claims with the same factual basis as a claim presented in a prior petition; they will thus be dismissed. In the alternative, if analyzed under Rule 60, the claims are untimely. Finally, the claims fail on their merits under Rule 60(b)(6).

Wyatt's arguments are as follows. First, he argues that relief is warranted because the "recent revelation of the notes of a 1990 lecture conducted by the Director of Training of the District Attorney's Office at that time[, i.e., the Lentz notes] unambiguously reveals" the existence of a discriminatory jury-selection policy that caused a *Batson* violation at his trial.

(Mot. 7.) Second, he argues that relief is warranted because, in response to his first federal habeas petition, the District Attorney's Office "knowingly and intentionally failed to disclose relevant *Brady* material regarding" its policy and practice of racial discrimination, effecting a fraud on the court. (*Id.* at 3.) As a result, Wyatt requests that the court vacate his convictions and sentences. (*Id.* at 12.)[3]

The relief Wyatt seeks—vacation of his state conviction and sentence—is consistent with habeas relief and not with the relief available under Rule 60(b)(6). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (explaining that habeas claims are "asserted federal bas[es] for relief from a state court's judgment of conviction). Rule 60(b) provides for relief from a final civil judgment or order—in this case, the denial of Wyatt's first habeas petition. As explained by the Second Circuit, "a motion under Rule 60(b) and a petition for habeas have different objectives." *Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001).

> The habeas motion under 28 U.S.C. § 2254 seeks to invalidate the state court's judgment of conviction. As to the motion under Rule 60(b), while it is undoubtedly a step on the road to the ultimate objective of invalidating the judgment of

---

[3] Additionally, Wyatt raises a third asserted ground for relief. He alleges that the District Attorney's Office's response to his first habeas petition contained a "material false and misleading" statement—namely, the District Attorney's Office's assertion that his claim alleging ineffective assistance of counsel for failing to request a mistrial on the ground that the prosecutor violated *Batson* is not cognizable on habeas review. (*Id.* at 4-5.) Wyatt asserts that the District Attorney's Office's response failed to "state facts necessary to make these statements not materially false and misleading" and that this constituted fraud on the court. (Mot. 4-5.) In his discussion of this ground for relief, however, Wyatt does not point to any facts withheld by the District Attorney's Office. He simply argues a legal error occurred: relying on *Commonwealth v. Collins*, 888 A.2d 564 (Pa. 2005), he asserts that his claim regarding the ineffectiveness of postconviction counsel is cognizable on habeas review. This claim fails under Rule 60(b)(6) because legal error, which can be corrected on appeal, "does not by itself warrant the application of Rule 60(b)." *Pridgen*, 380 F.3d at 728 (quoting *Martinez-McBean v. Gov't of V.I.*, 562 F.2d 908, 912 (3d Cir. 1977)). Therefore, this third asserted ground for relief is not appropriately made in a Rule 60(b)(6) motion, and I will dismiss this claim.

> conviction, it does not seek that relief. It seeks only to vacate the federal court judgment dismissing the habeas petition.

*Id.* Because Wyatt seeks to invalidate the state court's judgment of conviction, his instant motion will be treated as a successive habeas petition.

Wyatt raised a claim with an identical factual basis in his second federal habeas petition, which has been fully litigated and denied. In that petition, Wyatt sought habeas relief on the basis of "[n]ewly discovered evidence of the Philadelphia District Attorney's Office's Policy and Practice to use r[a]cial criteri[a] to select the jury at time of Petitioner's trial." (Pet. 9, Civ. No. 08-614, E.D. Pa. Feb. 7, 2008.) In support of his second federal habeas petition, Wyatt explained:

> At the time of Petitioner's trial, direct appeal, post-conviction proceedings and habeas review, it was the policy of the Philadelphia District Attorney's Office to discriminate against African-American[] venirepersons in jury selection. The re[c]ent revelation of the notes of a 1990 lecture conducted by the Director of Training of the District Attorney's Office at that time unambiguously reveals the existence of this policy. Assistant District Attorneys were trained to discriminate, did in fact discriminate in vast majority of their cases, and discriminated in Petitioner's case.

(*Id.*) Wyatt's asserted grounds for relief based on this allegedly newly discovered evidence are thus successive habeas claims that were "presented in a prior application." 28 U.S.C. § 2244(b). Indeed, the Third Circuit has already denied Wyatt authorization to proceed on a claim based on the same allegedly newly discovered evidence.[4] "A claim presented in a second or successive

---

[4] The Third Circuit's order denying authorization to proceed on Wyatt's *Batson* claim in his second habeas petition does not explain why authorization to proceed on that claim was denied. However, Wyatt did not raise a new rule of constitutional law in support of his *Batson* claim in his second habeas petition. Instead, he based his claim on the allegedly newly discovered evidence of the District Attorney's Office's alleged policy and practice of racial discrimination in jury selection at the time of his trial. Therefore, the Third Circuit's denial indicates that Wyatt's allegedly newly discovered evidence is insufficient to proceed under §

habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Therefore, I will dismiss his instant claims. *See Gonzalez*, 545 U.S. at 531 (holding that a prisoner may not use a Rule 60(b) motion to present certain "claims" that are traditionally included in a federal habeas petition without the Rule 60(b) motion being subjected to the gatekeeping features of AEDPA).

In the alternative, Wyatt's claims would fail even if analyzed under Rule 60(b)(6) as Wyatt seeks. In his first ground for relief, Wyatt alleges newly discovered evidence: the "recent revelation of the notes of a 1990 lecture conducted by the Director of Training of the District Attorney's Office at that time[, i.e., the Lentz notes,] unambiguously reveals" the existence of a discriminatory jury-selection policy that caused a *Batson* violation at his trial. In his second ground for relief, Wyatt alleges that, in response to his first federal habeas petition, the District Attorney's Office "knowingly and intentionally failed to disclose relevant *Brady* material regarding" its policy and practice of racial discrimination, effecting a fraud on the court. These two claims are barred by the applicable statute of limitations.

Rule 60(b)(6), on which Wyatt relies, "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' *other than* the more specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez*, 545 U.S. at 529 (emphasis added); *see also Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975). Because Wyatt alleges newly discovered evidence, which is listed in Rule 60(b)(2), and fraud, which is listed in Rule 60(b)(3),[5]

2244(b)(2)(B).

[5] Rule 60(b)(3) applies to intrinsic and extrinsic fraud, as well as to "misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).

his claim is not cognizable under Rule 60(b)(6). Motions under Rule 60(b)(2) and (3) "must be made . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see also Stradley*, 518 F.2d at 493 ("Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented."). Wyatt's motion was filed on December 27, 2007, more than two years after the court denied his first federal habeas motion on December 2, 2005 and almost two years after he obtained the allegedly newly discovered evidence (by at least January 27, 2006) on which his claim is based. Thus, if treated as a Rule 60(b)(2) and (3) motion, Wyatt's motion would be denied as untimely.

Even if these claims were cognizable under Rule 60(b)(6), they would still be denied as untimely. A motion brought under Rule 60(b)(6) must be made "within a reasonable time" after entry of the judgment from which relief is sought. Fed. R. Civ. P. 60(b)(6). The district court has discretion in determining, on a case to case basis, whether a Rule 60(b)(6) motion has been made within a "reasonable time." *Taylor v. Stewart*, No 99-6643, 2001 WL 872865, at *2 (E.D. Pa. July 11, 2001) (citing *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 660-61 (1st Cir. 1990)). Relevant considerations include "whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner." *Boch Oldsmobile*, 909 F.2d at 661. Wyatt filed his motion more than two years after the date of the order denying his first habeas petition and almost two years after he obtained the allegedly newly discovered evidence. Wyatt has presented no "good reason . . . for failing to take action sooner." *Boch Oldsmobile*, 909 F.2d at 661; *see also Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that a Rule 60(b)(6) motion was not filed within a reasonable time when it was filed nearly two years after the entry of the judgment sought to be reopened). Therefore, the

Rule 60(b)(6) motion is untimely.

Moreover, even if timely, Wyatt's claims considered under Rule 60(b)(6) would fail on their merits. "The remedy provided by Rule 60(b) is 'extraordinary, and special circumstances must justify granting relief under it.'" *Moolenaar*, 822 F.2d at 1346 (quoting *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir. 1986) (Garth, J., concurring)).

Other courts that have considered the issue have not found the Lentz notes (or, similarly, the McMahon tapes, which "advis[ed] the listener to take race into account in the course of jury selection, and . . . provid[ed] suggestions as to how to avoid being successfully accused of violating the tenets of *Batson v. Kentucky*," *Bond v. Beard*, No. 02-8592, 2006 WL 1117862, at *3 (E.D. Pa. Apr. 24, 2006)) to be evidence of a policy or practice of racial discrimination in jury selection by the District Attorney's Office. *See, e.g.*, *Rollins v. Horn*, No. 00-1288, 2006 WL 2504307, at *4 (E.D. Pa. Aug. 17, 2006) ("Attorney Sagel was not the prosecutor on Petitioner's case, and Petitioner has not shown anything suggesting that the prosecutor in his case was aware of or attended the alleged lecture. . . . [T]he mere existence of statements with regard to misuse of the jury selection process is not sufficient to infer a prima facie *Batson* claim."); *Bond*, 2006 WL 1117862, at *3 (stating, after an examination of the McMahon tapes, that "I do not conclude that it was the policy of the District Attorney's Office to discriminate on racial grounds in the process of selecting juries"); *Commonwealth v. Davis*, 916 A.2d 1206, 1209 (Pa. Super. Ct. 2007) ("[W]e hold that Appellant's alleged after-discovered evidence of Lentz's handwritten notes of Sagel's 1990 lecture, which took place seven years after Appellant's 1983 trial, does not establish that there was discrimination in Appellant's trial and does not form a basis for a *Batson* claim."). There is no evidence before the court that a discriminatory policy or practice of the

District Attorney's Office existed or that any *Batson* violation occurred at Wyatt's trial. Therefore, Wyatt's newly discovered evidence claim fails on its merits.

Additionally, there is no evidence that the Lentz notes were possessed by or within the control of the District Attorney's Office during the time Wyatt alleges they should have been disclosed. Presumably the Lentz notes were retained by Lentz, and there is no evidence that he was employed by the District Attorney's Office during the time that Wyatt's first federal habeas petition was pending. Even if the notes were available to the District Attorney's Office at the time of Wyatt's first federal habeas petition, that would not have affected the court's resolution of his petition since the issue before the court was whether trial counsel was ineffective for failing to request a mistrial after the court denied his *Batson* challenge. The substance of the *Batson* issue itself was not before the court. Therefore, Wyatt's fraud claim based on the District Attorney's Office's failure to disclose the Lentz notes is meritless. *See Slutzker v. Johnson*, 393 F.3d 373, 386 (3d Cir. 2004) (explaining that a *Brady* violation is found only when "evidence *in the possession of the government* was actually suppressed" (emphasis added)). Wyatt's claim based on fraud caused by the government's alleged "knowing[] and intentional[] fail[ure] to disclose relevant *Brady* material regarding" its policy and practice of racial discrimination fails on its merits.

In conclusion, Wyatt's instant motion will be dismissed and denied. That conclusion is the same whether the motion is treated as a successive habeas petition or as a Rule 60(b)(6) motion for relief from the court's denial of Wyatt's first habeas petition.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEVIN WYATT,<br>Petitioner,<br><br>v.<br><br>DAVID DIGUGLIELMO et al.,<br>Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>NO. 07-5493 |

## Order

**AND NOW** this _____ day of July 2008, upon consideration of movant Kevin Wyatt's motion pursuant to Federal Rule of Civil Procedure 60(b)(6) for relief from this court's order denying his first habeas petition (Doc. No. 1), **IT IS HEREBY ORDERED** that the motion is **DISMISSED** and **DENIED**.

The Clerk shall mark this matter **CLOSED** for statistical purposes.

s/ William H. Yohn Jr.
William H. Yohn Jr., Judge